**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SCOTT HALL,                                    )
ADC # 135137,                                  )          **Case No. 5:12-CV-00345 JLH-JTK**
                                               )
MICHAEL MYERS,                                 )          **Case No. 5:12-CV-00346 JLH-JTK**
ADC # 134974                                   )
    Petitioners,                   )
                                               )
v.                                             )
                                               )
RAY HOBBS, Director, Arkansas
Department of Correction
    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT are the Petitions for Writ of Habeas Corpus filed by Scott Hall and Michael Myers. (Doc. Nos. 1).  The two actions were consolidated on October 1, 2012, because Petitioners were tied jointly, sought their appeals jointly, and have filed essentially identical habeas petitions.  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioners' claims should be DISMISSED.

## Background

Petitioners, who are half-brothers, were jointly tried and convicted by a Lonoke County (Arkansas) jury of manufacturing a controlled substance—methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of drug paraphernalia.  Additionally, Myers was convicted of possession of methamphetamine, and Hall was convicted of possession of methamphetamine with intent to deliver.  Both men were

represented by Ron Hunter at trial.   They jointly appealed their convictions to the Arkansas Court of Appeals, arguing that the evidence was insufficient to support their convictions and that the trial court erred in denying their motions to suppress.   Their convictions were affirmed. *Myers v. State*, CACR 06-709, 2007 WL 842065 (Ark. Ct. App. Mar. 21, 2007).

Petitioners subsequently sought postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure.   Their petitions were denied on October 4, 2010.   They jointly appealed that decision to the Arkansas Supreme Court, arguing that their trial counsel was ineffective in (1) failing to raise an objection to appellants' convictions for both possession of drug paraphernalia with intent to manufacture methamphetamine and manufacturing methamphetamine, (2) failing to object to appellants' convictions for both possession of methamphetamine with intent to deliver and manufacturing methamphetamine, (3) failing to object to appellants' convictions for possession of methamphetamine with intent to deliver, and (4) failing to challenge the unconstitutional repeal of the seventy-percent provision of Ark. Code Ann. § 16–93–611.   The Arkansas Supreme Court affirmed the denial of Rule 37 relief on April 5, 2012. *Myers v. State*, 2012 Ark. 143, 400 S.W.3d 231, 233.

### Discussion

Petitioners argue they are entitled to relief because their counsel was ineffective when he 1) failed to object that possession of drug paraphernalia with intent to manufacture methamphetamine is a lesser included offense of manufacturing methamphetamine, 2) failed to object that possession of methamphetamine with intent to deliver is a lesser included offense of manufacturing methamphetamine, 3) failed to move for vacation of their possession of methamphetamine with intent to deliver convictions even though they were never charged with

that offense, 4) failed to challenge the seventy-percent parole law, and 5) advised and encouraged them to reject plea offers that would have avoided the harsher jury sentences they received.  For the reasons discussed below, these claims are either procedurally barred, meritless, or both.

## I.      Procedural Default

Respondent contends that Petitioners' fifth claim, which concerns their lawyer's advice to reject a plea offer, is procedurally defaulted because it was never raised at the state level.   "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).   To meet the fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.   Failure to present this argument to the state courts bars consideration of Petitioners' claim unless they can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

Petitioners concede that this argument was never raised, but they argue that the default should be excused because such claims had not been recognized until the Supreme Court's recent decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). *See Reed v. Ross*, 468 U.S. 1, 16 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to

counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.").

*Lafler* held that a Michigan prisoner was entitled to habeas relief because his trial counsel advised him not to accept a plea deal based on an erroneous statement of the law.  The lawyer's deficient advice led to a much longer sentence after being found guilty.  However, the petitioner in *Lafler* fairly presented his claims to the state courts, and the *Lafler* court noted that "[c]ourts have recognized claims of this sort for over 30 years." *Lafler*, 132 S. Ct. at 1389.  Indeed, the Supreme Court explicitly held in 1985 that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); s*ee also McMann v. Richardson*, 397 U.S. 759 (1970).  Thus, Petitioners cannot find exception from the cause and prejudice standard under *Reed*, and this claim is procedurally defaulted.[1]

## II.        Petitioner's Claims Are Without Merit

Petitioner's four remaining ineffective assistance of counsel claims fail to pass the Antiterrorism and Effective Death Penalty Act's deferential requirements.  Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  "A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion

---

[1] The Court also notes that there does not appear to be any merit to this claim.  Petitioners have failed to indicate how counsel's advice was objectively unreasonable.  It is always a risk that rejection of a plea offer could lead to much harsher sentences.

opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). "A state court decision involves an 'unreasonable application' when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Id.* (citing *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)).

Petitioners' first two arguments contend that counsel was ineffective for failing to make double jeopardy objections when they were charged with manufacturing methamphetamine as well as the lesser included offenses 1) possession of drug paraphernalia with intent to manufacture methamphetamine and 2) possession of methamphetamine with intent to deliver.[2] Such arguments had been made unsuccessfully in Arkansas before, *see, e.g.*, *Hester v. State*, 362 Ark. 373, 389, 208 S.W.3d 747, 756 (2005), and counsel was not ineffective for failing to raise meritless arguments. *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991).

In any event, there were no double jeopardy violations. When addressing Petitioners' two double jeopardy arguments, the Arkansas Supreme Court correctly identified the *Blockburger* test as the applicable legal rule. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . . [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an

---

[2] The second argument can only apply to Hall because Myers was not convicted of possession of methamphetamine with intent to deliver.

acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Id.*   Under Arkansas law, a conviction for manufacturing methamphetamine does not require proof that "a person knowingly used or possessed with intent to use drug paraphernalia to manufacture methamphetamine," which is an essential element of possession of drug paraphernalia with intent to manufacture methamphetamine. *Hester*, 362 Ark. at 392.   Nor does manufacturing methamphetamine require proof that a defendant "intended to deliver the controlled substance," which is an essential element of possession of methamphetamine with intent to deliver. *Cothren v. State*, 344 Ark. 697, 706, 42 S.W.3d 543, 549 (2001).   On the other hand, manufacturing methamphetamine does require proof that a defendant "was engaged in the production, preparation, propagation, compounding, conversion, or processing of methamphetamine," but the other two charges do not. *Hester*, 362 Ark. at 392.   One charge criminalizes the manufacture of methamphetamine, another criminalizes possession of the tools used in manufacturing, and the third criminalizes the possession of methamphetamine with intent to sell it.   The Arkansas Supreme Court's application of *Blockburger* cannot be said to have been objectively unreasonable here.

Petitioners' third argument is that counsel was ineffective for failing to move for vacation of their possession of methamphetamine with intent to deliver convictions even though they were actually charged with possession of methamphetamine with intent to manufacture.[3]   There is no merit to this argument because the criminal information was amended to correct the prosecuting

---

[3] This argument is irrelevant to Myers because he was not convicted of possession of methamphetamine with intent to deliver.

attorney's typo.  There was nothing unreasonable about the Arkansas Supreme Court's ruling on this issue.

Lastly, Petitioners contend that counsel was ineffective for failing to challenge the seventy-percent parole law.  To establish deficient performance, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689.  Petitioners bear the burden of showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. With respect to prejudice, Petitioners must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The Arkansas Supreme Court correctly identified *Strickland* as the appropriate rule for reviewing Petitioners' ineffective assistance claims, so Petitioners must demonstrate that the court's application of *Strickland* was objectively unreasonable. *Jackson*, 651 F.3d at 925. However, Petitioners have failed to meet the burdens placed on them under *Strickland* and 28 U.S.C. § 2254(d).  As noted by the Arkansas Supreme Court, Petitioners "have failed to explain how their defense was prejudiced at trial due to the manner in which their parole eligibility would be calculated." *Myers*, 2012 Ark. 143, at *13.  Counsel asked the jury to give

light sentences to Petitioners in light of the 70 percent parole law, and they received sentences that were far below the maximums. The Arkansas Supreme Court's decision was not objectively unreasonable, and Petitioners' argument is without merit.

IT IS THEREFORE ORDERED that Petitioners' Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1) be, and they are hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 7th day of October, 2013.

_____
United States Magistrate Judge