## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| SCOTT HALL, ADC #135137 | PETITIONER |
| v.  No. 5:12CV00345 JLH-JTK | |
| RAY HOBBS, Director,<br>Arkansas Department of Correction | RESPONDENT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHAEL MYERS, ADC #134974 | PETITIONER |
| v.  No. 5:12CV00346 JLH-JTK | |
| RAY HOBBS, Director,<br>Arkansas Department of Correction | RESPONDENT |

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney. After careful review of the findings and recommendations and the timely objections thereto, as well as a *de novo* review of the record, the Court concludes that the findings and recommendations should be, and are hereby, approved and adopted in their entirety as this Court's findings in all respects. In their objections to Magistrate Judge Kearney's proposed findings and recommendations, the petitioners argue for the first time that the procedural default of their fifth claim should be excused pursuant to *Martinez v. Ryan*, where the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012). The Supreme Court expanded the holding of *Martinez* in *Trevino v. Thaler*, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013). Here, however, the petitioners were represented by counsel in their Rule 37 proceedings, and they have never alleged that

the lawyer who represented them in those proceedings was ineffective. Even in their objections to the magistrate's proposed findings and recommendations, though they raise *Martinez*, they do not contend that the lawyer who represented them in their Rule 37 proceedings was ineffective. The petitioners have not even alleged that the lawyer who represented them in their Rule 37 proceedings was ineffective, much less made a prima facie showing that would entitle them to an evidentiary hearing on that issue. Accordingly, their argument that the procedural default of their fifth claim should be excused pursuant to *Martinez* is without merit.

Accordingly, judgment shall be entered dismissing this complaint with prejudice.

The Court will not issue a certificate of appealability because the petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

IT IS SO ORDERED this 1st day of November, 2013.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE